IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS VAZQUEZ, on behalf of himself and all other plaintiffs similarly situated known and unknown, | ) ) ) ) | Case No.: 1:17-cv-775 |
| Plaintiffs, | ) ) ) | Judge: |
| v. | ) ) | |
| STALLMAN TRUCKING, INC., DUPAGE PAPER STOCK, INC., and MARIO JURCIK, individually. | ) ) ) ) | Magistrate Judge: |
| Defendants. | ) | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, CARLOS VAZQUEZ, individually and on behalf of persons similarly situated, state as follows as his Collective Action Complaint against STALLMAN TRUCKING, INC., ("Stallman"), DUPAGE PAPER STOCK, INC. ("DuPage Paper") and MARIO JURCIK, individually ("Jurcik," and collectively with Stallman and DuPage Paper, "Defendants"):

### Nature of the Action

1. Plaintiff brings this claim for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq,* for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks. Defendants' unlawful compensation practices have had the effect of denying Plaintiff and other similarly situated employees their lawfully earned and living wages. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b).

**Parties**

2. Plaintiffs are all current or former employees of Defendants who were employees of Defendants.

3. Defendant Stallman Trucking, Inc. is an Illinois corporation with its headquarters at 1001 Phoenix Lake Avenue, Streamwood, Illinois. Stallman owns the trucks used by DuPage Paper.

4. Defendant DuPage Paper Stock, Inc. is an Illinois corporation with its headquarters at 1001 Phoenix Lake Avenue, Streamwood, Illinois. DuPage Paper operates a paper recycling business.

5. Defendant Mario Jurcik is the owner and President of both Stallman and DuPage Paper. Jurcik is responsible for the pay rates and other terms and conditions of Plaintiffs' employment.

6. Stallman and DuPage Paper are joint employers within the meaning of the wage laws at issue in this lawsuit. Stallman and DuPage Paper share facilities, employees and a website. The hours and the management of each company are the same. They also share telephone numbers and other administrative functions. In fact, the heading of the Dupage Paper website appears as follows:



This has been the arrangement for at least 20 years. *See also Harris v. Stallman Trucking Co.,*

951 F. Supp. 137 (1997)(finding a genuine issue of material fact existed about whether an EEOC charge against Stallman Trucking applied to DuPage Paper Stock where employee was "neither specifically told that DuPage Paper Stock was his employer nor informed about the relationship between DuPage Paper Stock and Stallman Trucking.")

## Jurisdiction and Venue

7. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

## Factual Allegations

8. Plaintiffs were employed as non-management employees by Defendants. Plaintiffs were paid on an hourly basis. Plaintiffs worked over 40 hours in any given week but were not paid at a rate of time-and-one-half for all hours they worked over forty. At all times relevant to this Complaint, Plaintiffs, who are paid on an hourly basis and were not paid at a rate of one and one half of their hourly rate for hours they work in a week over forty.

9. Plaintiff Carlos Vazquez routinely worked more than forty hours in a week. For example, for the pay period paid on July 8, 2016, Mr. Vazquez worked 69.50 hours. Mr. Vazquez earned $17.25/hour. He was paid $17.25 for all hours worked during that week.

10. Mr. Vazquez routinely worked more than 40 hours in a workweek. On average, Mr. Vazquez estimates that he worked 65 hours per week every week he worked.

11. Mr. Vazquez was employed by Defendants for approximately 15 years. His last day worked was in or about July 2016.

**Collective Allegations**

12. Plaintiff seeks to prosecute his FLSA claims as a collective on behalf of all hourly employees of Defendants in the State of Illinois within the past three years preceding this lawsuit to the day of trial and elect to opt-in to this action pursuant to 29 U.S.C. § 216(b) and who worked in excess of forty (40) hours during one or more weeks but were not paid lawful wages and overtime compensation for such time.

13. Plaintiff and other similarly situated current and former employees in the asserted class regularly worked overtime hours, including but not limited to being subject to a practice or policy of Defendants failing to credit all overtime hours worked.

14. Plaintiffs and other similarly situated employees were not exempt from overtime pay.

15. At all times material to this Complaint, Defendants failed to comply with the FLSA and the IMWL in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provision was made by Defendants to pay Plaintiff and similarly situated persons properly for all overtime hours - that is, all of the hours worked in excess of forty (40) - within a workweek.

16. Plaintiff and those similarly situated were entitled to an overtime rate of pay equal to time and one - half wages for overtime hours worked.

17. There are many other current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise

notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

18. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted collective, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

19. Plaintiff will fairly and adequately protect the interests of each Class and has retained counsel that is experienced and competent in class/collective actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the collective.

**COUNT I - OVERTIME DUE UNDER THE FLSA**
**(On Behalf of all Non-Management Employees)**

20. Paragraphs 1 through 19 are re-alleged as if fully set forth herein.

21. At all relevant times, Defendants employed and/or continued to employ Plaintiff and each member of the proposed class of non-management employees within the meaning of the FLSA.

22. Defendants are a "single enterprise" for purposes of the FLSA because they are in the same business (gathering and recycling paper goods), share unified operation and common control (through Defendant Jurcik and others) and operate for a common business purpose.

23. Defendants have a policy and practice of refusing to pay overtime compensation to its hourly employees for the hours worked in excess of forty (40) hours per week.

24. Defendants' failure to pay Plaintiff and similarly situated members of the proposed class overtime compensation at a rate not less than one and one-half times the rate at

which they are employed for work performed beyond the forty (40) hour workweek is a violation of the FLSA, in particular, 29 U.S.C. §§ 206 and 207.

25. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

26. Due to Defendants' FLSA violations, Plaintiff alleges on behalf of the members of the proposed class of non-management employees that they have suffered damages and are entitled to recover from Defendants the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II - VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
**(Plaintiff Individually Against Defendants)**

27. Plaintiff hereby realleges and incorporates paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

29. Under the IMWL, Defendants were and remain obligated to compensate Plaintiff for all hours worked in excess of forty (40) hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

30. During the 3 years prior to the filing of this Complaint, Plaintiff was regularly permitted, encouraged and/or required to work in excess of forty (40) hours per week but was not compensated for such overtime work.

31. By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation to be paid to non-exempt employees.

32. As a result of Defendants' policy and practice of withholding all overtime compensation due, Plaintiff has been damaged in that he have not received wages due to him pursuant to the IMWL.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A declaratory judgment that Defendants have violated the overtime provisions of the IMWL as to the Plaintiff;

B. A declaratory judgment that Defendants' violations of the IMWL were willful;

C. A judgment to Plaintiff in the amount of unpaid overtime;

D. A judgment to Plaintiff of punitive damages as provided by IMWL;

E. A judgment to Plaintiff of reasonable attorneys' fees;

F. Costs incurred in filing this action; and

G. Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint, including the FLSA overtime claim.

Dated: January 31, 2017

Respectfully submitted,

By: /s/ David J. Fish
One of Plaintiffs' Attorneys

David Fish
Kimberly Hilton
John Kunze
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60565
(630) 355-7590
dfish@fishlawfirm.com
khilton@fishlawfirm.com
kunze@fishlawfirm.com